IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY <br> AND SURETY COMPANY, <br> <br> Plaintiff, <br> v. <br> <br> SHAWN A. DANAI, *et. al.*, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-356 <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Sunset Mortgage Company, L.P. ("Sunset") and Mortgage Electronic Registration Systems, Inc. ("MERS")'s Motion to Dismiss the Second Amended Complaint and Plaintiff Travelers Casualty and Surety Company's ("Travelers") request for leave to amend.  This case concerns a false insurance claim submitted by Defendant Shawn Danai ("Danai") and paid by Plaintiff.  The complaint alleges that Danai used the insurance proceeds to purchase a condominium.  The complaint also alleges that later Danai and Aram refinanced the condominium unit with a mortgage from Sunset and MERS.  The issue before the Court is whether Defendants Sunset and MERS were on constructive notice at the time Defendants refinanced the condominium that Ms. Aram's interest might be subject to a restitution judgment from the Arlington Circuit Court.  The Court finds that Defendants Sunset and MERS were not on constructive notice of the restitution judgment against Danai because the restitution judgment for fraud against Mr. Danai was not docketed

against his wife, Ms. Aram. Defendants Sunset and MERS' Motion to Dismiss the Second Amended Complaint is granted and Plaintiff Travelers' request for leave to file a second amended complaint is denied.

## I. BACKGROUND

Defendant Shawn Danai held a Travelers' homeowners insurance policy, and on January 11, 2001, he reported to Travelers that someone broke into his home and stole various items of insured personal property. (Second Amended Complaint, ¶ 20).[1] Plaintiff then paid Danai $67,652.94 in May of 2001 as compensation for his claim. Compl. ¶ 15. Danai and his wife then purchased a condominium unit located at 223 North George Mason Drive, Unit 1, Arlington, VA 22202 (the "Property") for $46,000 in cash, allegedly using solely the funds paid by Travelers to Danai. Compl. ¶¶ 4,16, 17. Danai and Aram purchased the Property as tenants by the entireties and remain the co-owners of record. Compl. ¶ 4, 17.

Plaintiff Travelers learned on February 6, 2003 that the theft never occurred and that Danai's claim was fraudulent. Compl. ¶ 18. Danai was arrested and confessed to the police that the theft never occurred and that he used Plaintiff Traveler's insurance proceeds to purchase the Property. Compl. ¶ 19, 20. Danai plead guilty and on November 21, 2003 the Arlington County

---

[1] All paragraph references will be to the Second Amended Complaint.

Circuit Court ordered Danai to make restitution to Travelers in the amount of $67,652.94, which was entered as a civil judgment and docketed in the Arlington County Circuit Court on December 4, 2004 ("restitution judgment") Compl. ¶ 21.  The judgment was entered against Danai and not his wife, Aram.  Compl. ¶ 22.  Subsequently, Danai and Aram re-financed their mortgage on the Property through a loan obtained by Sunset which is also secured by a deed of trust on the Property.  Compl. ¶ 28.

Count I of Plaintiff Travelers' Second Amended Complaint asserts a claim for constructive trust.  Count II requests that this Court enforce a criminal order/civil judgment and declare that Plaintiff's lien is superior to all others.

Defendants argue in support of their Motion to Dismiss: (1) that Danai and Aram own the condominium as tenants by the entireties, (2) Defendants are bona fide purchasers for value without notice, and (3) Defendants had no constructive notice of Traveler's lien.

For either of the counts in Plaintiff Travelers' Second Amended Complaint to survive, Plaintiff must establish that Defendants Sunset and MERS were on constructive notice of Plaintiff's alleged claim against the Property.

## II.  DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief.  FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Conclusory allegations regarding the legal effect of the facts alleged need not be accepted.  *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response.  *Conley*, 355 U.S. at 47.

### B. Analysis

Defendants Sunset and MERS are bona fide purchasers for value without notice because the restitution judgment in Arlington County Circuit Court was docketed against Mr. Danai and

4

not his wife, Ms. Aram.  The relevant statute states, "[e]very judgment shall, as soon as it is docketed, be indexed by the clerk in the name of each defendant, as required by § 17.1-249, and shall not be regarded as docketed as to any defendant in whose name it is not so indexed."  Va. Code § 8.01-450.  Further, the Property was purchased by Mr. Danai and Ms. Aram as tenants by the entireties.  Real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and the wife.  *Rogers v. Rogers,* 257 Va. 323, 326,  512 S.E.2d 821, 822 (1999).

Plaintiff's concede that the restitution judgment was docketed only against Mr. Danai.  Compl. ¶ 22.  However, for Plaintiff's claims to succeed, Plaintiff must prove that Defendants did not exercise sufficient care in discovering the judgment against Danai.  This case is similar to *Fullerson v. Taylor,* 102 Va. 314, 46 S.E. 309 (1904), a Virginia case which held that the purpose of the recording statute's predecessor is to apprise third persons who exercise ordinary care and prudence of the existence and character of the judgment.  The property is owned by Ms. Aram and Mr. Danai as tenants by the entireties.  The restitution judgment was not docketed against Ms. Aram.  Accordingly, a party using ordinary care would not discover the judgment against Mr. Danai.  Defendants Sunset and MERS are bona fide purchasers for value without notice.

### III.   CONCLUSION

The Court holds that Defendants Sunset and MERS' Motion to Dismiss the Second Amended Complaint is GRANTED because Defendants were not on constructive notice of Plaintiff Travelers' lien against the Property because the criminal judgment for fraud against Mr. Danai was not docketed against his wife, Ms. Aram.

Plaintiff Travelers Casualty and Surety Company's request for leave to amend is DENIED.

For the foregoing reasons, it is hereby

ORDERED that Defendants Sunset and MERS' Motion to Dismiss the Second Amended Complaint is GRANTED and Plaintiff Travelers Casualty and Surety Company's ("Travelers") request for leave to amend is DENIED as futile because Plaintiffs have had two full opportunities to plead their claim.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ____22___ day of August, 2005.

```
                                            /s/
                        _____
                                    Gerald Bruce Lee
                                    United States District Judge
```

Alexandria, Virginia
8/22/05